Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiffs,
LAURA NORDYKE
BONNIE NORDYKE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| LAURA NORDYKE and BONNIE NORDYKE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SUMMIT RECEIVABLES,<br><br>　　　　Defendant. | **Case No.: 2:17-cv-01705-WBS-AC**<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs, LAURA NORDYKE and BONNIE NORDYKE ("Plaintiffs"), through their attorneys, AGRUSS LAW FIRM, LLC, allege the following against Defendant, SUMMIT RECEIVABLES ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiffs' First Amended Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiffs' First Amended Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiffs are natural persons residing in Sacramento, Sacramento County, California.

7. Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiffs are, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

12. Defendant is a collection agency located in Henderson Nevada.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged debt from Plaintiffs.

20. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within the last year, Defendant began placing collection calls to Plaintiffs on Plaintiffs' telephone number at 916-905-xxxx.

22. Defendant called Plaintiffs from 916-414-9939, which is one of Defendant's numbers.

23. On more than one occasion within the last year, Plaintiffs answered Defendant's collection calls and spoke with one of Defendant's collectors.

24. During more than one conversation, Plaintiffs requested Defendant stop calling them.

25. Despite Plaintiffs' repeated requests, Defendant continued to call Plaintiffs in an attempt to collect a debt.

26. Around April 28, 2017, Defendant called Plaintiffs and spoke with BONNIE NORDYKE.

27. During this conversation around April 28, 2017, Defendant threatened BONNIE NORDYKE with legal action.

28. Defendant's collectors have also yelled at Plaintiffs during telephone conversations.

29. Defendant's collectors have represented themselves as a law firm to Plaintiffs.

30. Defendant's name has appeared as "law offices" on Plaintiffs' home telephone caller ID.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiffs in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiffs after Plaintiffs requested Defendant stop calling them and by yelling at Plaintiffs during telephone conversations;

   a. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant continued to place collection calls to Plaintiffs after Plaintiffs requested Defendant stop calling them;

   b. Defendant violated §1692e(3) of the FDCPA by falsely representing or implicating that Defendant is law firm and the communication is from a lawyer when Defendant insinuated it was a law firm during a conversation and when Defendant used the words "law offices" on its caller ID when it called Plaintiffs; and

   c. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or is not intended to be taken when Defendant threatened legal action against Plaintiffs during a telephone conversation.

WHEREFORE, Plaintiffs, LAURA NORDYKE and BONNIE NORDYKE, respectfully request judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiffs repeat and re-alleges paragraphs 1-30 of Plaintiffs' First Amended Complaint as the allegations in Count II of Plaintiffs' First Amended Complaint.

36. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant continued to place collection calls to Plaintiffs after Plaintiffs requested Defendant stop calling them;

   b. Defendant violated the §1788.13(b) of the RFDCPA by falsely representing it was a law firm during a conversation and when Defendant used the words "law offices" on its caller ID when it called Plaintiffs;

   c. Defendant violated the §1788.13(j) of the RFDCPA by falsely representing a legal proceeding is about to be, or will be, instituted unless payment of the debt is made when Defendant threatened legal action against Plaintiffs during a telephone call; and

   d. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiffs, LAURA NORDYKE and BONNIE NORDYKE, respectfully request judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

37. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

39. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  August 23, 2017            AGRUSS LAW FIRM, LLC


By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiffs
    LAURA NORDYKE
    BONNIE NORDYKE