UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA NORDYKE and BONNIE NORDYKE,<br><br>                    Plaintiffs,<br><br>         v.<br><br>SUMMIT RECEIVABLES,<br><br>                    Defendant. | No. 2:17-cv-01705-WBS-AC<br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

This matter is before the court on plaintiffs' motion for discovery. ECF No. 17. Defendant has not submitted a response. Pursuant to the court's prior orders, ECF Nos. 18 and 19, defendant's lack of response is now construed as non-opposition to plaintiffs' motion. Based on a review of all papers filed, the court GRANTS plaintiffs' motion. Defendant is ORDERED to submit complete responses to plaintiffs' requests for production, deposition notice, and interrogatories within ten (10) days of this order. Plaintiffs' requests for admission are each deemed admitted. Further, because plaintiffs brought a meritorious motion to compel and because defendant and defense counsel have behaved egregiously in this matter, the court GRANTS plaintiffs' request for attorneys' fees and costs. Additionally, upon review of the record, the court is concerned with defense counsel's actions (or lack thereof) in this case and sua sponte issues an order to show cause why additional sanctions should not be issued. Defense counsel has 10 days from the date of this order to show cause as to why sanctions should not issue.

1

| | |
|---|---|
| 1 | **I.       Relevant Background** |
| 2 | This case was filed on August 17, 2017.  ECF No. 1.  An amended complaint was filed on |
| 3 | August 23, 2017.  ECF No. 5.  Defendant timely answered on September 21, 2017.  ECF No. 12. |
| 4 | The answer was signed and filed by defense counsel Margaret G. Foley.  Id. at 9.  The parties |
| 5 | filed a joint status report on October 21, 2017.  ECF No. 14.  In this document, the parties stated |
| 6 | that they met and conferred regarding discovery on October 2, 2017 and October 20, 2017.  Id. at |
| 7 | 2.  The parties acknowledged that plaintiffs intended to serve interrogatories, requests for |
| 8 | production, and requests for admission upon defendant.  Id. at 2-3.  The parties further |
| 9 | acknowledged that plaintiffs intended to depose defendant's Fed. R. Civ. P. 30(b)(6) witness.  Id. |
| 10 | at 3. |
| 11 | A pretrial scheduling order was issued by the district judge on November 1, 2017.  ECF |
| 12 | No. 16.  The order set a discovery deadline of March 30, 2018.  Id. at 2.  On January 3, 2018, |
| 13 | plaintiffs filed the instant motion to compel.  ECF No. 17.  The motion was initially set to be |
| 14 | heard on January 11, 2018.  Id.  Defendant failed to respond, and the court continued the hearing |
| 15 | to January 24, 2018 in order to give defendant a second opportunity to respond.  ECF No. 18. |
| 16 | The court noted that failure to respond would be deemed non-opposition to the motion.  Id. |
| 17 | Defendant again failed to respond.  The court took note of defendant's non-opposition and |
| 18 | submitted the motion on the papers.  ECF No. 19. |
| 19 | **II.       Motion** |
| 20 | Plaintiffs move to compel responses to their propounded requests for production, |
| 21 | interrogatories, requests for admission, and production of a witness for pursuant to their Fed. R. |
| 22 | Civ. P. 30(b)(6) deposition notice.  ECF No. 17 at 8.  Plaintiffs also request that the court deem |
| 23 | plaintiffs' requests for admissions to be admitted.  Id.  Plaintiffs request fees and costs as |
| 24 | sanctions against defendant for its failure to comply with discovery rules.  Id. at 7-8. |
| 25 | **III.       Analysis** |
| 26 | A.  Failure to Respond to Discovery |
| 27 | "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any |
| 28 | party's claim or defense.... Relevant information need not be admissible at the trial if the |

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992).

Plaintiffs served their discovery requests and 30(b)(6) deposition notice upon defendant on October 19, 2017. The deposition was noticed for November 30, 2017. Defendant's responses to discovery were due by November 20, 2017. Fed. R. Civ. P. 6(a). Plaintiffs' motion reproduces the text of what is represented to be an e-mail sent by plaintiffs to defense counsel on November 22, 2017. ECF No. 17 at 2. The e-mail notes that defendant's discovery responses are overdue, and inquires about the production of a 30(b)(6) witness. <u>Id.</u> Defense counsel's responsive email is also quoted. <u>Id.</u> at 3. It states that defense counsel sent the "written discovery and depo notice to Mr. Guadagna a few weeks back and asked him to send it to his new counsel." <u>Id.</u> Defense counsel notes her intent to withdraw from the case before the end of November 2017. Defendant has not disputed the authenticity of these e-mail communications. There has been no substitution of counsel for defendants, and Ms. Foley has not moved to withdraw.

According to plaintiffs' undisputed representations, no discovery responses have been produced by defendant and no corporate representative witness was produced for the 30(b)(6) deposition. ECF No. 17 at 3.

Defendant's complete and total failure to respond to discovery requests plainly violates the Federal Rules of Civil Procedure. In light of this failure, plaintiff is excused from the meet-and-confer and Joint Statement requirements that otherwise apply to a motion to compel. <u>See</u> E.D. Cal. R. ("Local Rule") 251(e). Because defendant has violated its discovery obligations, plaintiffs' motion to compel defendant's responses to their propounded discovery is granted.

B. <u>Fees and Costs</u>

Rule 37 sanctions are appropriate in this case because defendant has completely abandoned its responsibly to participate in discovery. Federal Rule of Civil Procedure 37(a)(5)(A) provides that attorneys' fees and costs are to be awarded to the successful movant in a Rule 37 motion.

The appropriate method for computing fees in this case is the lodestar approach, in which the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988). "The measure to be used 'is not actual expenses and fees but those the court determines to be reasonable.'" Matter of Yagman, 796 F.2d 1165, 1184–85 (9th Cir.1986).

While plaintiffs are entitled to recover fees and costs, plaintiffs have not submitted the documentation of counsel's hourly rate, hours billed, and costs necessary for the court to make the appropriate fee and cost determination. Plaintiffs' counsel must submit this documentation within 10 days of this order. The court will issue a separate order regarding fees and costs.

### C. Requests for Admission Deemed Admitted

The request for admission submitted in plaintiffs' unanswered requests for admission are deemed admitted. Federal Rule of Civil Procedure 36(a)(3) provides that, when requests for admissions are served, each request is deemed "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "Once a matter has been deemed admitted under Rule 36, even by default, the court may not consider evidence that is inconsistent with the admission." Am. Gen. Life & Acc. Ins. Co. v. Findley, 2013 WL 1120662, at *3 (C.D. Cal. Mar.15, 2013) (citing 999 v. C.I.T. Corp., 776 F.2d 866, 869–70 (9th Cir.1985) and Cook v. Allstate Ins. Co., 337 F.Supp.2d 1206, 1210 (C.D. Cal.2004)). Because defendant did not respond to plaintiffs' requests for admission within the required time period, each request is deemed admitted.

### D. Availability of Additional Sanctions

Although the court will not now impose additional sanctions, defendant is cautioned that under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may impose sanction including judgment by default against the disobedient party. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). If defendant continues to ignore its discovery obligations, further sanctions will issue, up to and potentially including judgment in favor of plaintiffs.

### IV. Order to Show Cause

The undersigned raises the following issue sua sponte. It appears to the court that Ms. Margaret Grace Foley may have failed to perform legal services competently and may have abandoned her client in violation of her ethical duties and her duty to this court. See Cal. Rules of Prof'l Conduct, Rules 3–110 (duty of competent representation), 3–500 (duty to communicate), 3–700(A)(2) & (D) (duties regarding withdrawal of employment); Local Rule 180(e). Accordingly, Ms. Foley will be ordered to show cause in writing within 10 days why sanctions against her personally should not be imposed. A showing of cause sufficient to avoid further monetary sanctions must include a showing that counsel has communicated with defendant and ensured the preparation and filing of a substitution of attorney pursuant to Local Rule 182(g), and that counsel has returned to defendant all client papers and property and all unearned fees pursuant to Rule 3–700(D), Cal. Rules of Prof'l Conduct. Additionally, Ms. Foley must explain to the court why she has apparently neither ensured the substitution of counsel before abdicating her duties regarding discovery, nor made a motion to withdraw as counsel. Unless and until substitute counsel appears, or a motion to withdraw is filed and granted, Ms. Foley remains counsel of record for defendant and retains all of the associated responsibilities.

### V. Conclusion

For the reasons explained above, it is hereby ordered as follows:

1. Plaintiffs' motion to compel (ECF No. 17) is GRANTED;
2. Plaintiffs' requests for admission issued to defendant are deemed ADMITTED;
3. Defendant is ORDERED to submit full responses to plaintiffs' interrogatories, requests for production, and 30(b)(6) notice within 10 days of this order;
4. Plaintiffs are ORDERED to submit the necessary documentation of fees and costs related to this motion to compel within 10 days of this order so that the court can issue a follow-up order regarding reimbursement of fees and costs;
5. Defense counsel Margaret Grace Foley is ORDERED to show cause in writing, within 10 days of this order, why monetary sanctions should not be issued against her; and

5

6. Defendants are put on notice that failure to comply with this order or continued discovery related transgressions may result in further sanctions, up to and including entry of judgment against it.

IT IS SO ORDERED.

DATED: January 25, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE