Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiffs,
LAURA NORDYKE
BONNIE NORDYKE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| LAURA NORDYKE and BONNIE NORDYKE, <br><br> Plaintiffs, <br> v. <br><br> SUMMIT RECEIVABLES, <br><br> Defendant. | **Case No.: 2:17-cv-01705-WBS-AC** |

**PLAINTIFFS' RULE 36 REQUESTS FOR ADMISSION TO DEFENDANT**

Propounding Party:   LAURA NORDYKE and BONNIE NORDYKE, Plaintiffs.

Responding Party:    SUMMIT RECEIVABLES, Defendant.

Set Number:          One.

Plaintiffs, LAURA NORDYKE and BONNIE NORDYKE ("Plaintiffs"), through counsel, and pursuant to Federal Rule of Civil Procedure 36, hereby requests that Defendant, SUMMIT RECEIVABLES, ("Defendant"), answer the following Requests for Admission for purposes of this action only. Plaintiffs request that Defendant's responses be signed, served, and produced no later than thirty (30) days after service of this request, at Agruss Law Firm, 4809 N. Ravenswood Ave., Suite 419, Chicago, IL 60640, or by e-mail at michael@agrusslawfirm.com. These Requests for Admission

1

shall be deemed continuing so as to require supplemental answers should Defendant obtain or acquire additional information following the date on which Defendant serves its answers.

### **INSTRUCTIONS**

Any references to "Defendant" or "Defendant's" shall be treated as referring to the named within this lawsuit. Any references to "Plaintiffs" or "Plaintiffs'" shall be treated as referring to the Plaintiffs named within this lawsuit. As used in these requests, any references indicating the use of masculine shall be treated as referring to Plaintiffs.

If any objection is made to any of the following discovery requests, the Defendant shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a detailed log to support the invocation of such privilege.

Unless otherwise specified in any particular paragraph, provide the information and documents requested for the period of **one (1) year** prior to the date that the operative complaint was filed. Each and every discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these discovery requests, the term "DOCUMENT" or "DOCUMENTS " means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, which Defendant has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM,

DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

The term "respective unnamed members of the class of individuals that Plaintiffs seek to represent and/or others similarly situated to Plaintiffs means: All persons within the United States who received any collection telephone calls from Defendant after requesting that Defendant stop calling them, within the one year prior to the filing of this Complaint.

"YOU" or "YOUR" means SUMMIT RECEIVABLES, ITS OFFICERS, DIRECTORS, MANAGERS, EMPLOYEES AND AGENTS.

Each request propounded herein should be answered upon Defendant's knowledge from all sources and all information in Defendant's possession or otherwise available to Defendant, including information from Defendant's officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendant shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

FDCPA means Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

RFDCPA means Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq.

## REQUESTS FOR ADMISSION

1. Admit Bonnie Nordye is a consumer as defined by the FDCPA and RFDCPA.

   **RESPONSE:**

2. Admit Laura Nordyke is a consumer as defined by the FDCPA and RFDCPA.

   **RESPONSE:**

3. Admit the debt at issue in this lawsuit is a debt from transactions for personal, family, and household purposes.

   **RESPONSE:**

4. Admit the debt at issue in this lawsuit is not a business or commercial debt.

   **RESPONSE:**

5. Admit Defendant owns the debt at issue in this lawsuit.

   **RESPONSE:**

4

6. Admit Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

   **RESPONSE:**

7. Admit Defendant's primary business is to collect debts incurred from personal, family, or household purposes.

   **RESPONSE:**

8. Admit Defendant attempted to the collect a consumer debt from Bonnie Nordye.

   **RESPONSE:**

9. Admit Defendant attempted to the collect a consumer debt from Laura Nordye.

   **RESPONSE:**

10. Admit Defendant's employees that attempted to collect the debt from Plaintiffs were working within the scope of their employment while attempting to collect the debt.

    **RESPONSE:**

11. Admit Defendant placed telephone calls to 916-905-4112 in an attempt to collect on the debt at issue in this lawsuit.

    **RESPONSE:**

12. Admit Defendant communicated with Plaintiffs regarding the debt at issue in this lawsuit.

    **RESPONSE:**

13. Admit all telephone calls Defendant made in an attempt to collect Plaintiffs' alleged debt are recorded or documented in Defendant's account notes and/or collection notes.

    **RESPONSE:**

14. Admit Defendant recorded telephone conversations it had with Plaintiffs.

    **RESPONSE:**

15. Admit 916-414-9939 is one of Defendant's telephone numbers.

**RESPONSE:**

16. Admit during at least one conversation, Plaintiffs requested Defendant stop calling.

    **RESPONSE:**

17. Admit on April 29, 2017, Defendant called Plaintiffs from 916-414-9939.

    **RESPONSE:**

18. Admit when Defendant called Plaintiffs on April 29, 2017, Defendant had its caller ID state "law office" on Plaintiffs' phone.

    **RESPONSE:**

19. Admit Defendant's collector, Ken, spoke with one of the Plaintiffs on April 28, 2017.

    **RESPONSE:**

20. Admit the April 28, 2017, recording Defendant disclosed, through counsel, on September 12, 2017, is the complete recording of the conversation that took place between Defendant and one of the Plaintiffs.

    **RESPONSE:**

21. Admit Defendant threatened legal action against Plaintiffs.

    **RESPONSE:**

22. Admit Defendant is not a law firm.

    **RESPONSE:**

23. Admit Defendant does not have lawyers working at its office.

    **RESPONSE:**

24. Admit Defendant is located at 1291 Galleria Drive, Suite 170, Henderson, NV 89014.

    **RESPONSE:**

25. Admit Defendant filed as a Foreign Limited Liability in the State of Florida on Monday, June 23, 2014.

    **RESPONSE:**

26. Admit Anthony Guadagna is the manager at Summit Receivables.

    **RESPONSE:**

27. Admit Anthony Guadagna is the CEO at Summit Receivables.

    **RESPONSE:**

28. Admit Kristy MacSwan is the Compliance Director at Summit Receivables.

    **RESPONSE:**

29. Admit GMA Investments, LLC, is a Domestic Limited Liability Company in the State of Nevada.

    **RESPONSE:**

30. Admit GMA Investments, LLC, is the owner of Summit Receivables.

    **RESPONSE:**

31. Admit Defendant has no evidence to support its Second Affirmative Defense.

    **RESPONSE:**

32. Admit Defendant has no evidence to support its Fourth Affirmative Defense.

    **RESPONSE:**

33. Admit Defendant has no evidence to support its Fifth Affirmative Defense.

    **RESPONSE:**

34. Admit Defendant has no evidence to support its Seventh Affirmative Defense.

    **RESPONSE:**

35. Admit Defendant has no evidence to support its Eighth Affirmative Defense.

**RESPONSE:**

36. Admit Defendant has no evidence to support its Tenth Affirmative Defense.

    **RESPONSE:**

37. Admit Defendant has no evidence to support its Eleventh Affirmative Defense.

    **RESPONSE:**

38. Admit Defendant has no evidence to support its Twelfth Affirmative Defense.

    **RESPONSE:**

39. Admit Defendant has no evidence to support its Thirteenth Affirmative Defense.

    **RESPONSE:**

40. Admit Defendant has no evidence to support its Fifteenth Affirmative Defense.

    **RESPONSE:**

41. Admit Defendant has no evidence to support its Eighteenth Affirmative Defense.

    **RESPONSE:**

42. Admit Defendant has no evidence to support its Nineteenth Affirmative Defense.

    **RESPONSE:**

43. Admit Defendant has policies and procedures regarding the Fair Debt Collection Practices Act.

    **RESPONSE:**

44. Admit Defendant has policies and procedures regarding the Rosenthal Fair Debt Collection Practices Act.

    **RESPONSE:**

45. Admit all telephone conversations between Defendant and Plaintiffs were recorded.

    **RESPONSE:**

46. Admit Defendant used Chase Data Call Center Software to call Plaintiffs.

**RESPONSE:**

47. Admit Tammie Smith is a senior manager at Summit Receivables.

    **RESPONSE:**

48. Admit Tammie Smith is responsible for training new employees at Summit Receivables.

    **RESPONSE:**

49. Admit Tammie Smith trained Ken.

    **RESPONSE:**

50. Admit that Defendant has insurance coverage for any liability found as a result of this action.

    **RESPONSE:**

DATED: October 19, 2017

                                        RESPECTFULLY SUBMITTED,
                                        AGRUSS LAW FIRM, LLC


                                        By: _/s/ Michael S. Agruss_____
                                                Michael S. Agruss
                                                Attorney for Plaintiffs

## PROOF OF SERVICE

I, Michael S. Agruss, state the following:

I am employed in Chicago, Illinois. I am over the age of 18, and am not a party to this action. My business address is 4809 North Ravenswood Avenue, Chicago, IL 60640. On October 19, 2017, I served the following documents:

**PLAINTIFFS' RULE 36 REQUESTS FOR ADMISSION**

On the party listed below:

> Margaret G. Foley, Esq.
> California Bar No. 262706
> THE LAW OFFICE OF VERNON NELSON
> 9480 S. Eastern Ave., Suite 252
> Las Vegas, NV 89123
> Tel: 702-476-2500
> Fax: 702-476-2788
> mfoley@nelsonlawfirmlv.com
> Attorney for Defendant

By the following means of service:

[X]  **BY MAIL:** I deposited the envelope in the mail in Chicago, Illinois. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid in Chicago, Illinois, in the ordinary course of business.

[X]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail address(es) listed above, which are the e-mail address(es) on file with the court's CM/ECF system. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]  **FEDERAL:** I declare under penalty of perjury under the laws of Illinois that the above is true and correct.

Executed on October 19, 2017, in Chicago, Illinois.

By: /s/ Michael S. Agruss
Michael S. Agruss