UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA NORDYKE and BONNIE NORDYKE,<br><br>    Plaintiffs,<br><br>  v.<br><br>SUMMIT RECEIVABLES,<br><br>    Defendant. | No. 2:17-cv-01705-WBS-AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiffs' motion for default judgment. ECF No. 40. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The matter is also properly considered by the undersigned pursuant to E.D. Cal. R. 302(c)(21), as defendant is now appearing in pro se following the withdraw of counsel. ECF No. 37. Defendant did not oppose plaintiffs' motion for default judgment, and the matter was heard on the papers. For the reasons discussed below, plaintiffs' motion for default judgment is GRANTED.

**I.    Relevant Background**

Plaintiffs filed this case under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA") on August 17, 2017. ECF No. 1. A summons issued the same date. ECF No. 2. Plaintiffs filed an amended complaint on August 23, 2017, and a second summons issued the

1

same date. ECF Nos. 5 and 6. The summons was returned executed on September 5, 2017. ECF No. 7. Defendant, through counsel, filed an answer on September 21, 2017. Id.

Plaintiffs allege they are natural persons residing in Sacramento, California. ECF No. 5 at 2. Plaintiffs allege defendant is a debt collection agency located in Henderson, Nevada whose business involves the collection of debt owed to third parties within the State of California. Id. at 2-3. Plaintiffs allege that they owe a debt arising from personal, family, and household expenditures. Id. at 3. Plaintiffs claim that within the past year, defendant began calling plaintiffs at their telephone number and on multiple occasions, plaintiffs answered and spoke to defendant's collectors. Id. Plaintiffs requested that defendant stop calling them, but defendant continued to place calls. Id. On April 28, 2017, plaintiffs, through their counsel, sent a cease and desist letter to defendant. Id. Plaintiffs allege defendant's collectors have yelled at plaintiffs over the phone, and have represented themselves as a law firm to plaintiffs. Id. at 3-4.

On January 3, 2018, plaintiffs filed a motion to compel. ECF No. 17. In the motion, plaintiffs asserted that in their communications with defense counsel, defense counsel indicated an intent to withdraw from the case. Id. at 3. Defendant did not respond to the motion, and the undersigned continued the hearing to provide defendant a final opportunity to respond. ECF No. 18. On January 25, 2018, the undersigned issued an order granting the motion to compel and an order to show cause, requiring defense counsel to explain to the court why she had neither ensured substitution of counsel nor made a motion to withdraw as counsel before abdicating her client's discovery duties. ECF No. 20 at 5. The order also deemed admitted plaintiffs' Requests for Admission. Id.

On January 31, 2018, defense counsel filed a motion to withdraw. ECF No. 22. On February 6, 2018, defense counsel responded to the order to show cause stating that defendant had stated its intention to counsel to not defend this case. ECF No. 23 at 1. A hearing on the motion to withdraw took place before Senior District Judge William B. Shubb on March 19, 2018. ECF No. 38. On March 20, 2018, Judge Shubb signed a stipulation allowing defense counsel to withdraw. ECF No. 37. By stipulation, the parties agreed that the Clerk of Court would enter default against defendant. ECF No. 37 at 1. The stipulation allowed defense counsel

to withdraw and acknowledged defendant's understanding that, as a corporation, it could not proceed in pro se. Id. at 2. The stipulation expressly stated that if no new defense counsel was retained, defendant would have no avenue to oppose plaintiffs future motion for default judgment. Id. at 3-4. As of the date of these findings and recommendations, defendant has not retained new counsel.

## II. Motion

Plaintiffs move for default judgment on all counts presented in their amended complaint. ECF No. 40 at 2. Plaintiffs argue they are each entitled to receive statutory damages of $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), and are each entitled to receive statutory damages of $1,000.00 for violation of the Rosenthal Act pursuant to Cal. Civ. Code § 1788.30(b). Id. at 4. Plaintiffs further assert their entitlement to the costs of the action, together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c), and have included a Motion for Costs of the Action and Attorney's Fees, seeking costs in the amount of $470.00, together with attorney's fees in the amount of $16,552.50 at Exhibit A to their motion for default judgment. Id. Defendant did not oppose plaintiffs' motion for default judgment and has not communicated with the court in any way since the withdrawal of counsel.

## III. Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

3

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a rule, once the clerk of court enters default, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although defendant admits the well-pleaded allegations in the complaint by failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

(1) The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiffs would suffer prejudice if the court did not enter a default judgment because they would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider

whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

          a.    Fair Debt Collection Practices Act ("FDCPA")

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Gonzales v. Arrow Fin. Servs., Inc., 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." Id. at 1060–61. "The FDCPA does not ordinarily require proof of intentional violation, and is a strict liability statute." Id. (citing McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 948 (9th Cir. 2011)).

Under §§ 1692d and 1692d(5) of the FDCPA, it is a violation for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, and abuse the consumer. Further, pursuant to §§ 1692e(3) and 1692e(5) of the FDCPA, a debt collector may not use any false, deceptive, or misleading representations that it is an attorney or that it will take legal action in attempts to collect a debt. Plaintiffs' First Amended Complaint alleges that within the year prior to the filing of the action, defendant began placing collection calls to plaintiffs. ECF No. 5. On more than one occasion, Plaintiffs answered defendant's collection calls and spoke with defendant's collectors. Id. Despite plaintiffs' repeated requests that defendant stop calling, defendant continued to call plaintiffs in the attempt to collect a debt. Id. Defendant yelled over the phone, and threatened plaintiff Bonnie Nordyke with legal action. Id. Defendant's caller ID read "law offices" when plaintiffs received its calls. Id.

Plaintiffs' allegations, which the court accepts as true for purposes of plaintiff's Motion for Default Judgment, see, e.g., Cripps, 980 F.2d at 1267, are sufficient to establish that defendant, acting as a "debt collector," engaged in conduct the natural consequence of which was to harass and mislead plaintiffs, in violation of §§ 1692d and 1692e. These allegations support a

5

successful FDCPA claim and the merits of this claim favor entry of default judgment.

      b. <u>Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")</u>

  The Rosenthal Act is the "state version of the FDCPA." <u>Riggs v. Prober & Raphael</u>, 681 F.3d 1097, 1100 (9th Cir. 2012). Section 1788.17 of the Rosenthal Act provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. In sum, Section 1788.17 "mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." <u>Riggs</u>, 681 F.3d at 1100 (citing Cal. Civ. Code § 1788.17). Thus, whether an act violates the Rosenthal Act turns on whether it violates the FDCPA. <u>Id.</u>, <u>see also</u>, <u>Barria v. Wells Fargo Bank, N.A.</u>, No. 2:15–cv–01413–KJM–AC, 2016 WL 474319, at *4 (E.D. Cal. Feb. 8, 2016) ("[C]onduct by a debt collector that violates the FDCPA violates the Rosenthal Act as well." (citations omitted)). The undersigned has found plaintiffs have stated a meritorious claim that defendant violated the FDCPA. Accordingly, the merits of plaintiffs' Rosenthal Act claim likewise favor entry of default judgment.

    3. <u>Factor Four: The Sum of Money at Stake in the Action</u>

  Under the fourth <u>Eitel</u> factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. This analysis requires the court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. <u>Landstar Ranger, Inc. v. Parth Enters., Inc.</u>, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Default judgment is disfavored if the sum of money at stake is too large or unreasonable in relation to the defendant's conduct. <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Courts consider plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable. <u>HICA Educ. Loan Corp. v. Warne</u>, No. 11–CV–04287–LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012).

  Plaintiffs in this case seek $2,000 each in total statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and California Civil Code § 1788.30(b), as well as an award of reasonable

attorneys' fees and costs of litigation.  ECF No. 40 at 4.  Plaintiffs submit documentation of costs in the amount of $470.00, reflecting the civil filing fee and cost of service of process.  ECF No. 40-3.  Plaintiffs have requested $16,552.50 in attorney fees, reflecting 35.8 attorney hours of services at a rate of $450.00 per hour and 5.1 hours of paralegal services at the rate of $75.00 per hour.  Id.

The amount at stake is both appropriate and proportional to the harm caused by defendant's conduct, particularly considering the unusually belabored process of arriving at a motion for default judgment in this case, discussed above.  See, e.g., Jiang v. New Millennium Concepts Inc., Case No. 15–cv–04722–JST, 2016 WL 3682474, at *3 (N.D. Cal. 2016) (finding that the fourth Eitel factor weighed in favor of default judgment where the plaintiff sought "the maximum $2,000 in statutory damages for violation of the FDCPA and [Rosenthal Act]," $5,000 in actual damages, and $3,787.90 in attorneys' fees and costs).  Although less than the total requested attorney's fees are awardable, as discussed below, the fourth Eitel factor is satisfied in this case.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiffs have provided the court with well-pleaded allegations supporting their claims.  As mentioned above, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003); PepsiCo, Inc., 238 F.Supp.2d at 1177.  This Eitel factor favors entry of default judgment.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that defendant's default was the result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  In fact, defendant agreed by stipulation that that the Clerk of Court would enter default against it.  ECF No. 37 at 1.

The stipulation acknowledged that defendant would be unable to oppose entry of default judgment if it did not retain counsel due to its corporate status, and still defendant did not retain counsel. Id. at 2-4. Default in this case was, even more certainly than in an average default judgment scenario, not the result of excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that entry of default judgment against defendant is necessary and appropriate. What remains is the determination of the amount of damages to which plaintiff are entitled.

### B. Terms of Judgment

A plaintiff seeking default judgment "must ... prove all damages sought in the complaint." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010)). The court looks to plaintiff's "declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." United States v. Yermian, Case No. SACV 15–0820–DOC (RAOx), 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) (internal citations omitted). "[A] default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." Philip Morris USA, Inc., 219 F.R.D. at 499. "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." Id. at 498 (internal citations omitted). It is

appropriate to enter default judgment for money without a hearing when "the amount claimed is a liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981).

   1. Statutory Damages

Here, plaintiffs each request $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the Rosenthal Act. ECF No. 5 at 5-6. As to Plaintiff's request for statutory damages under the FDCPA, Section 1692k(a)(2)(A) provides that "a plaintiff may claim up to $1,000 in statutory damages." Freligh v. Roc Asset Sols., LLC, Case No. 16–cv–00653–MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016). Statutory damages are limited to $1,000 per action. See Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1178 (9th Cir. 2006). Courts consider the following factors, "among other relevant factors," in determining the appropriate amount of statutory damages under Section 1692k(a)(2)(A): (1) "the frequency of noncompliance by the debt collector," (2) "the nature of such noncompliance," and (3) "the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Based on these factors, courts have found that numerous communications combined with aggravating circumstances— such as threats or communications to third parties—warrant the maximum statutory damages amount of $1,000. See, e.g., Sosa v. Crowning Point Sols., LLC, No. 2:15–cv–2458–JAM–EFB, 2016 WL 3218187, at *3 (E.D. Cal. June 9, 2016).

Plaintiffs here are entitled to the full amount of statutory damages under the FDCPA, Section 1692k(a)(2)(A). Plaintiffs allege that defendant called them repeatedly, despite requests that defendant not call them. ECF No. 5 at 3. Plaintiffs allege that defendant misrepresented itself as a law firm, and threatened legal action. Id. Plaintiffs allege that defendant's collectors yelled at them during phone calls. Id. These numerous communications and aggravated circumstances warrant the full penalty provided under the law.

Turning next to plaintiffs' request for statutory damages under the Rosenthal Act, California Civil Code Section 1788.30(b), the court notes that this statute provides for an award statutory damages of "not ... less than one hundred dollars ... nor greater than one thousand dollars." "[U]nlike the FDCPA, the Rosenthal Act premises any award of statutory damages on

the defendant's state of mind." <u>Davis v. Hollins Law</u>, 25 F. Supp. 3d 1292, 1296 (E.D. Cal. 2014). Specifically, a debt collector must "willfully and knowingly" violate the Rosenthal Act to warrant a recovery of statutory damages under 1788.30(b). <u>Id.</u> (quoting Cal. Civ. Code § 1788.30(b). The Ninth Circuit has held that "[t]he Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." <u>Gonzales v. Arrow Fin. Servs.</u>, LLC, 660 F.3d 1055, 1069 (9th Cir. 2011).

Plaintiffs allege that defendant called them repeatedly with the "intent to annoy, abuse, or harass" them. ECF No. 5 at 4. Defendant's alleged actions, particularly the misrepresentation and the yelling, indicate that it "willfully and knowingly" engaged in prohibited conduct. <u>Id.</u> A full award of statutory damages under the Rosenthal Act is appropriate.

2. <u>Attorney's Fees and Costs</u>

Plaintiffs further seek an award of reasonable attorney's fees and costs. ECF No. 5 at 6. The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action ... [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008) (quoting 15 U.S.C. § 1692k(a)(3)). The language of the FDCPA renders the award of attorney's fees and costs mandatory rather than discretionary. <u>Id.</u>

First, plaintiffs submit documentation of costs in the amount of $470.00, reflecting the civil filing fee and cost of service of process. ECF No. 40-2 at 5. Upon review, the court finds the submitted costs reasonable for recovery.

Second, plaintiffs request attorney's fees in the amount of $16,552.50, reflecting 35.8 attorney hours of services at a rate of $450.00 per hour and 5.1 hours of paralegal services at the rate of $75.00 per hour. ECF No. 40-2 at 5. Although an award of attorney's fees is mandatory under the FDCPA, the awarded fees must still be reasonable. In calculating the reasonable fee award, courts are instructed to use the "lodestar method." <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). The lodestar method involves multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 965 (9th Cir. 2003) (citation omitted). The district court

must determine a reasonable hourly rate, accounting for the experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees in the community; and the novelty or the difficulty of the question presented. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Generally, the forum district represents the relevant legal community. Shirrod v. Dir., Office of Workers' Comp. Programs, 809 F.3d 1082, 1087 (9th Cir. 2015).

The local rate customarily applied in this district for an attorney of plaintiffs' counsel's stated level of experience is of $350 per hour. See, Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal. June 9, 2017), see also, Orr v. California Highway Patrol, 2015 WL 9305021 at * 4, 2015 U.S. Dist. LEXIS 170862 at *13 (E.D. Cal. 2015) (Shubb, J.); Lin v. Dignity Health, 2014 WL 5698448 at *3, 2014 U.S. Dist. LEXIS 155980 at *7–8 (E.D. Cal. 2014) (Mueller, J.). This local rate has applied to attorneys with equal or greater experience as that of counsel in this case, and in cases of greater complexity. ECF No. 40-4. Based on a review of the record in this case, and of counsel's declaration (ECF No. 40-4) and time sheets (ECF No. 40-1), the court finds plaintiffs' requested hours for reimbursement reasonable, but that the fee rate must be reduced to $350 per hour for attorney's fees. The requested rate of $75 per hour for paralegal fees is acceptable. This results in a total award of $12,972.50  ((35.8 x $350 = $12,530) + (5.9 x $75= $442.5)).

### IV. Conclusion

It is hereby RECOMMENDED THAT:

1. Plaintiffs' motion for default judgment (ECF No. 40) be granted;

2. The court enter judgment against the defendant on all claims;

3. The court award $2,000 in statutory damages to Bonnie Nordyke;

4. The court award $2,000 in statutory damages to Laura Nordyke;

5. The court grant plaintiff's request for attorney's fees in the amount of $12,972.50 and costs in the amount of $470.00; and

6. This case be closed.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 6, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE